OPINION OF THE COURT
Bertram R. Gelfand, J.
Petitioner, who pursuant to a decree entered on February 11, 1982, was appointed under SCPA article 17-A as the guardian of the person of her adult mentally retarded daughter, seeks to enlarge the letters to include guardianship of the property. The genesis of the above application is obviously the companion application in which she seeks permission to compromise a personal injury action instituted on behalf of her ward.
Inasmuch as it appears that the retardate will have assets flowing from the personal injuries action and her condition precludes her managing such assets, the application seeking the appointment of petitioner as guardian of the property is granted. All of the assets to which the retardate is entitled shall be made payable to and held jointly by petitioner and the guardian clerk of this court. Petitioner is to file an oath and designation in her capacity as the guardian of the property and should she desire to designate the same person who was appointed standby guardian of the person as standby guardian of the property, she should file a supplemental petition which incorporates this request and the standby guardian of the property should file an oath and designation in such capacity.
*798 However, this court is not the proper court to entertain the application seeking permission to compromise the personal injuries action. CPLR 1207 explicitly provides that if an action is instituted on behalf of an infant, judicially declared incompetent or conservatee, an application to compromise such an action shall be made by the fiduciary of the party under a disability before the court in which the action is pending. Although CPLR 1207 fails to make a specific reference to persons judicially declared to be suffering from a condition of permanent mental retardation or their duly appointed guardians, the obvious intent of this provision is to protect all persons who cannot manage themselves or their affairs by requiring the approval of the court in which an action is pending prior to concluding a compromise of such a disabled person’s rights. This conclusion is buttressed by the provisions of SCPA 1755 which mandates that “[t]o the extent that the context thereof shall admit” proceedings relative to “‘an infant’” shall “apply * * * with the same force and effect” to “ ‘a mentally retarded person’ ”. It was not until 1981 that the Legislature amended CPLR 1207 to specifically include aft action instituted on behalf of a conservatee (L 1981, ch 115). It would appear appropriate that a further amendment to CPLR 1207 which would incorporate a specific reference therein to actions instituted on behalf of persons judicially declared to suffer from permanent mental retardation would be of assistance to the Bar and public.
Accordingly, the application seeking permission to compromise the personal injuries action is denied without prejudice to the right to seek the same or similar relief in the court in which said action is pending.